UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JEFFREY S. HALL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 2:02-cr-00063-DBH-1 |
| | ) | 2:16-cv-00272-DBH |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

## RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION

In this action, Petitioner Jeffrey S. Hall moves, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence. (Amended Motion, ECF No. 55.) Following a guilty plea, Petitioner was convicted in 2003 on two counts of armed bank robbery and one count of using a firearm in relation to the crime. The Court sentenced Petitioner to a total of 378 months in prison. (Amended Judgment, ECF No. 27.) The First Circuit affirmed the judgment on appeal. (*United States v. Hall*, No. 03-1199 (1st Cir. Dec. 16, 2003).)

Petitioner asserts he is entitled to relief under *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015), because when he was sentenced, the sentencing guidelines contained a provision identical to the "residual clause" held unconstitutional in *Johnson*, and, at the time, the guidelines were mandatory. *See United States v. Booker*, 543 U.S. 220, 245 (2005) (holding that the sentencing guidelines, excised of provisions the Court held unconstitutional, are "effectively advisory"); *Hardy v. United States*, 871 F.3d 85, 86 (1st Cir. 2017) (granting leave to pursue, in a second or successive section 2255 motion,

the issue whether *Johnson* "invalidates the residual clause of the pre-*Booker* career offender guideline"); *Moore v. United States*, 871 F.3d 72 (1st Cir. 2017).

Following a review of Petitioner's motion and the Government's request for dismissal, I recommend the Court grant the Government's request, and dismiss Petitioner's motion.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner was indicted on three counts for armed bank robbery, aiding and abetting, 18 U.S.C. §§ 2, 2113(a), (d) (Count 1); for using and carrying a firearm in relation to a violent crime, aiding and abetting, 18 U.S.C. §§ 2, 924(c)(1)(A)(ii) (Count 2); and for armed bank robbery, 18 U.S.C. § 2113(a) (Count 3).

The record establishes that Petitioner's sentence was enhanced, pursuant to USSG § 4B1.1, because the Court concluded he had at least two prior qualifying offenses.[1] At the time of his sentencing, Petitioner's criminal history included several Maine state court convictions, including two for criminal threatening with a dangerous weapon, two for robbery, and two for burglary.

Petitioner appealed from the sentence on the basis that the Court erred when it denied credit for acceptance of responsibility; the First Circuit consolidated Petitioner's and his co-defendant's appeals for briefing and argument, and it affirmed the judgments. *Hall*, No. 03-1199 (1st Cir. Dec. 16, 2003).[2]

---

[1] The parties agree that Petitioner's sentence was enhanced pursuant to the sentencing guidelines career offender provision, USSG § 4B1.1, rather than the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). (Response, ECF No. 73 at 5; Reply, ECF No. 77 at 1n.1.)

[2] Petitioner's co-defendant's appeal is docketed in the First Circuit at *United States v. Lakin*, No. 03-1200.

Petitioner filed a pro se section 2255 motion on May 31, 2016, to request relief under *Johnson*.[3] (Motion, ECF No. 51.) The Court granted Petitioner's request for the appointment of counsel. (Order, ECF No. 53.) Petitioner filed a pro se amended motion, and Petitioner's counsel filed a reply. (Amended Motion, ECF No. 55; Reply, ECF No. 77.)

## II. DISCUSSION

A person may move to vacate his or her sentence on one of four different grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction" to impose its sentence; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Knight v. United States*, 37 F.3d 769, 772 (1st Cir. 1994). The burden is on the section 2255 petitioner to establish that he or she is entitled to section 2255 relief. *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998); *United States v. DiCarlo*, 575 F.2d 952, 954 (1st Cir. 1978).

Petitioner's claim is based on *Johnson*, in which the Supreme Court held that the residual clause of the ACCA is unconstitutionally vague.[4] *Johnson*, 135 S. Ct. at 2557.

---

[3] Petitioner first sought permission from the First Circuit to file a motion based on *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015); the First Circuit determined that although Petitioner had previously filed a 28 U.S.C. § 2255 motion, he voluntarily dismissed it in 2005, and the Court did not reach the merits in that proceeding. (*Hall v. United States*, No. 16-1273 (1st Cir. May 3, 2016).) On that basis, the First Circuit concluded that the gatekeeping requirements did not apply, and Petitioner did not need the permission of the First Circuit to file a section 2255 motion. (*Id.*) Petitioner's prior section 2255 motion and his voluntary dismissal are docketed in this Court at No. 2:05-cv-00026-GC, Motion, ECF No. 1; Voluntary Dismissal, ECF No. 8.

[4] The ACCA provides in relevant part that a defendant "who violates [18 U.S.C. § 922(g)] and has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions

In *Beckles v. United States*, --- U.S. ---, 137 S. Ct. 886 (2017), the Supreme Court held that

*Johnson* does not apply to career offender sentences imposed after the sentencing

guidelines became advisory, i.e., after *Booker*:

> At the time of petitioner's sentencing, the advisory Sentencing Guidelines included a residual clause defining a 'crime of violence' as an offense that 'involves conduct that presents a serious potential risk of physical injury to another.' This Court held in [*Johnson*] that the identically worded residual clause in the [ACCA] was unconstitutionally vague. Petitioner contends that the Guidelines' residual clause is also void for vagueness. Because we hold that the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause, we reject petitioner's argument.

*Beckles*, 137 S. Ct. at 890, 894 (quoting USSG § 4B1.2(a)(2)).[5]

---

different from one another, . . . shall be . . . imprisoned not less than fifteen years . . . ." 18 U.S.C. § 924(e)(1). Section 924(e)(2)(B) provides:

> [T]he term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, . . . that—
>
> **(i)** has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> **(ii)** is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Section 924(e)(2)(B)(i) is known as the "force" clause or the "elements" clause; the provision of section 924(e)(2)(B)(ii) that references burglary, arson, extortion, or the use of explosives, is known as the "enumerated offenses" clause; and the remainder of section 924(e)(2)(B)(ii), *i.e.,* the provision "or otherwise involves conduct that presents a serious potential risk of physical injury to another," is known as the "residual" clause. *United States v. Starks*, 861 F.3d 306, 314 (1st Cir. 2017); *United States v. Edwards*, 857 F.3d 420, 422-23 & n.2 (1st Cir. 2017).

In *Johnson*, the Court left intact the force clause and the enumerated offenses clause of section 924(e)(2)(B): "Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." 135 S. Ct. at 2563.

[5] The career offender provision of the sentencing guidelines, USSG § 4B1.1(a), provides in relevant part: "A defendant is a career offender if . . . (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." USSG § 4B1.2(a) provided at the time of Petitioner's sentencing:

> The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –

Although the issue of whether *Johnson* invalidates the pre-*Booker* sentencing guidelines residual clause has not been decided, *see Hardy*, 871 F.3d at 86; *Moore*, 871 F.3d at 83-84, the issue need not be resolved in Petitioner's case, because Petitioner's two prior convictions for criminal threatening with a dangerous weapon qualify as career offender predicate crimes of violence under the force clause of USSG § 4B1.2(a)(1). *See United States v. Collins*, 811 F.3d 63, 66 (1st Cir. 2016) (holding that a Maine conviction for criminal threatening with a dangerous weapon qualified as a career offender predicate crime of violence under the force clause). Petitioner acknowledges that the convictions for criminal threatening with a dangerous weapon qualify as predicates, but he nonetheless requests to be resentenced. (Reply at 2-3.) Even if *Johnson* applied to pre-*Booker* career offender determinations under the guidelines, resentencing would be warranted only if the record established that Petitioner might not qualify as a career offender under the force clause of USSG § 4B1.2(a)(1). *See United States v. Winston*, 850 F.3d 677, 680, 686 (4th Cir. 2017) (vacating and remanding for the district court to consider whether one of the other convictions on which the enhanced sentence was based qualified as an ACCA

---

 (1) has as an element the use, attempted use, or threatened use of physical force against
   the person of another, or

 (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or
   otherwise involves conduct that presents a serious potential risk of physical injury
   to another.

Section 4B1.2(a) was amended following *Johnson*, and the residual clause was deleted. USSG Supp. to App. C, amend. 798 (Aug. 1, 2016). However, the amendment does not apply retroactively. USSG § 1B1.10; *United States v. Strevig*, 663 F. App'x 908, 912 (11th Cir. 2016) (per curiam) ("The Sentencing Commission . . . has not made Amendment 798 retroactive to individuals sentenced prior to the effective date of the amendment.").

violent felony, after holding that a Virginia common law robbery did not qualify), *cited with approval in Moore,* 871 F.3d at 85. Here, the uncontroverted record establishes that based on Petitioner's two prior convictions for criminal threatening with a dangerous weapon, Petitioner would qualify as a career offender even if the residual clause of the guidelines was invalidated for pre-*Booker* guidelines sentences.

In short, because Petitioner's criminal history at the time of his sentencing included two prior convictions for criminal threatening with a dangerous weapon, which is a crime of violence under the force clause, USSG § 4B1.2(a)(1), Petitioner is not entitled to relief under *Johnson*.[6]

### III. CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases. In addition, I recommend the Court deny Petitioner's motion for habeas relief under 28 U.S.C. § 2255. I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing

---

[6]The Government does not argue that Petitioner's prior burglary offenses qualify as predicate offenses. (Response at 6-7.) In addition, Petitioner's prior robbery offenses, which the parties agree (Response at 9; Reply at 2) were convictions under 17-A M.R.S. § 651(1)(B), (E), do not qualify as career offender predicates under the ACCA force clause, following *United States v. Mulkern*, 854 F.3d 87 (1st Cir. 2017) (holding that a Maine robbery under 17-A M.R.S. § 651(1)(C) was not an ACCA violent felony). (Response at 10-11.)

The Court need not determine whether Petitioner's Maine robbery offenses qualify as career offender predicates under the enumerated offenses clause, because the two prior offenses of criminal threatening with a dangerous weapon alone support the career offender sentencing enhancement. *See United States v. Ball*, 870 F.3d 1, 6 (1st Cir. 2017) (concluding that a Pennsylvania robbery qualified as a guidelines enumerated offense); *United States v. Williams*, No. 2:15-cr-00069-JDL-01, 2017 WL 3485562, at *5, 2017 U.S. Dist. Lexis 128774, at *14-15 (D. Me. Aug. 14, 2017) (concluding that a Maine robbery with the use of a dangerous weapon, *i.e.*, a conviction under both 17-A M.R.S. § 651(1)(B) and § 1252(4), qualified as a guidelines enumerated offense).

Section 2255 Cases because there is no substantial showing of the denial of a constitutional

right within the meaning of 28 U.S.C. § 2253(c)(2).

**NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 6th day of December, 2017.